[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 14, 2006
THOMAS K. KAHN
CLERK

No. 05-16354
Non-Argument Calendar

_____

D. C. Docket No. 97-00035-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCARIO RINCON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 14, 2006)**

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Macario Rincon, a federal prisoner proceeding through counsel, appeals the

district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 195-

month sentence.  After review, we affirm.

In 1998, Rincon was sentenced to 135 months' imprisonment for car-jacking, in violation of 18 U.S.C. § 2119, and to a consecutive sixty months' imprisonment for use of a firearm during the commission of a violent crime, in violation of 18 U.S.C. § 924(c).  In 2005, Rincon filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), arguing that Amendment 599[1] to the Sentencing Guidelines should be applied retroactively.  Although the district court agreed that Amendment 599 applied retroactively, it denied Rincon's motion.  Rincon filed a timely notice of appeal.

We review the district court's decision to deny a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion.  United States v. Vazquez, 53 F.3d 1216, 1228 (11th Cir. 1995).

On appeal, Rincon first argues that the district court abused its discretion in denying his § 3582(c)(2) motion because the district court decided the motion

---

[1]Amendment 599 clarified "under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the guidelines for those other offenses." U.S.S.G. app. C, amend. 599, reason for amend. (2000). Specifically, Amendment 599 directed that a weapon enhancement could not be applied to the guideline calculation for certain underlying offenses if a sentence was also imposed for a violation of § 924(c). Id. Amendment 599 may be applied retroactively. U.S.S.G. § 1B1.10 (2000); U.S.S.G. app. C, amend. 607, reason for amend. (2000).

without a hearing.[2]  Rincon's argument that <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005), required the district court to hold a hearing before ruling on his § 3582(c)(2) motion is meritless.  Not only did Rincon fail to request a hearing before the district court, but <u>Booker</u> is inapplicable to § 3582(c)(2) motions.  <u>See</u> <u>United States v. Moreno</u>, 421 F.3d 1217, 1220-21 (11th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 1643 (2006).

Rincon also argues that the district court abused its discretion when its order denied Rincon's § 3582(c)(2) motion without expressly addressing all of the 18 U.S.C. § 3553(a) factors.  Pursuant to 18 U.S.C. § 3582(c)(2), a court may reduce a defendant's term of imprisonment, upon motion of the defendant, where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  In considering a § 3582(c)(2) motion, the court must engage in a two-part analysis.  <u>United States v. Bravo</u>, 203 F.3d 778, 780 (11th Cir. 2000).  First, the court must "recalculate the sentence under the amended guidelines."  <u>Id.</u> Second, the court must "decide whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original

---

[2]After the original sentencing judge died, the case was reassigned to the district court judge who decided the § 3582(c)(2) motion upon review of the parties' submissions and the record in the case.

3

sentence. This decision should be made in light of the factors listed in 18 U.S.C. § 3553(a)." Id. at 781.[3]

In considering a § 3582(c)(2) motion, "a district court commits no reversible error by failing to articulate specifically the applicability--if any--of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." United States v. Eggersdorf, 126 F.3d 1318, 1322-23 (11th Cir. 1997) (concluding that district court provided sufficient reasons and considered the pertinent factors in its short order by referencing the government's brief, which enumerated specific elements relevant to the § 3553(a) inquiry).

In Rincon's case, the district court properly complied with the Bravo

---

[3]The factors set forth in 18 U.S.C. § 3553(a) include:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range [applicable] . . .
(5) any pertinent policy statement . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

two-part analysis. First, as both parties concede, the court correctly recalculated Rincon's amended guidelines range.

Second, the district court then properly considered the § 3553(a) factors. Specifically, in its written order, the district court expressly stated that its decision about Rincon's sentence reduction was governed by the factors set forth in 18 U.S.C. § 3553(a) and that "among the factors listed in § 3553(a) is the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant." The district court then stated that "in light of the circumstances of this case, those factors outweigh[ed] all of the other listed considerations." The district court then noted that "this case arose out of the car-jacking of a bus in the streets of Miami, Defendant and his accomplice pointed two guns at the bus driver, threatened to kill him, struck him in the head causing injuries that required medical treatment and robbed him." Therefore, the record reflects that the district court properly considered and weighed the § 3553(a) factors. The fact that the district court decided that certain factors outweighed other listed factors does not show that it failed to consider adequately those other listed § 3553(a) factors.

Accordingly, the district court did not abuse its discretion in denying

Rincon's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), and, thus, we affirm.

**AFFIRMED.**